## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **JOSEPH E. SOMERS, JR.** | * | Civil Action No.: |
| 18B 9th Avenue, NW | * | |
| Glen Burnie, Maryland 21061 | * | |
| *Resident of Anne Arundel County* | * | Collective Action Claim |
| | * | |
| And | * | |
| | * | Class Claims |
| **MICKEY C.M. BEACH** | * | |
| 5313 Patrick Henry Drive | * | |
| Brooklyn Park, Maryland 21225 | * | <u>Jury Trial Requested</u> |
| *Resident of Anne Arundel County* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| **TIRES 4 LESS** | * | |
| 101 S. Hilton Street | * | |
| Baltimore, Maryland 21229 | * | |
| | * | |
| Serve:  Resident Agent | * | |
|         Sung Ho Suh | * | |
|         101 S. Hilton Street | * | |
|         Baltimore, Maryland 21229 | * | |
| | * | |
| And | * | |
| | * | |
| **TIRE WORLD MDW, INC.** | * | |
| 101 S. Hilton Street | * | |
| Baltimore, Maryland 21229 | * | |
| | * | |
| Serve:  Resident Agent | * | |
|         Sung Ho Suh | * | |
|         101 S. Hilton Street | * | |
|         Baltimore, Maryland 21229 | * | |
| | * | |
| And | * | |
| | * | |
| **SUNG HO SUH** | * | |
| 101 S. Hilton Street | * | |
| Baltimore, Maryland 21229 | * | |
| | * | |

|                |       |
|----------------|-------|
| Defendants.    | *     |
|                | *     |
|                | *     |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR WAGES OWED

JOSEPH E. SOMERS, JR. and MICKEY C.M. BEACH, by and through their undersigned counsel and The Law Offices of Peter T. Nicholl, hereby submit their Complaint against, TIRES 4 LESS, TIRE WORLD MDW, INC., AND SUNG HO SUH, Defendants, to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter, "MWHL"), and unpaid wages, treble damages, interest, reasonable attorneys' fees and costs under the Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor & Employment, §§ 3-501, *et seq*. (hereinafter, "MWPCL"), and in support thereof, state as follows:

## INTRODUCTION AND BACKGROUND

This matter stems from a common scheme devised by Defendants to avoid paying Plaintiffs and other similarly situated employees their wages owed.

As described herein, Defendant, Tires 4 Less, is a tire dealer, which has its principal office in Baltimore, Maryland. Defendant, Tires for less has another location in Maryland that is in Glen Burnie and two (2) locations in Virginia.

As described herein, Defendant, Tire World MDW, Inc., is a tire dealer, which has its principal office in Baltimore, Maryland.

Defendants hired Plaintiffs and other similarly situated employees to work as Tire Specialists, Salesmen, Customer Service Representatives and/or Technicians at the Glen Burnie and/or Baltimore shops. Defendants required Plaintiffs to regularly work in excess of forty (40) hours per week without paying overtime wages. Defendants were able to complete these illegal acts by paying Plaintiffs under the guise of a salary. However, Plaintiffs' duties did not exempt them from the overtime requirements of the FLSA, MWHL and MWCPL. Defendants willfully and intentionally misclassified Plaintiffs as salaried employees for the purpose of not paying overtime compensation and for all hours worked over forty (40) per week.

Through these unlawful acts, Defendants evaded the payment of overtime wages owed to Plaintiffs and other similarly situated employees pursuant to the standards set forth by the FLSA, MWHL and MWPCL. Upon information and belief, Defendants are currently engaged in this unlawful activity with other employees.

## THE PARTIES

1. Plaintiff, JOSEPH E. SOMERS, JR. (hereinafter, "Somers") is an adult resident of Anne Arundel County, Maryland.

2. Plaintiff, MICKEY C.M. BEACH (hereinafter, "Beach") is an adult resident of Anne Arundel County, Maryland.

3. As described herein, Defendant, TIRES 4 LESS (hereinafter, "Tires 4 Less" or "Defendant") is a tire dealership. Defendant's principal office is located in, Baltimore City, Maryland.

4. As described herein, Defendant TIRE WORLD MDW, INC. (hereinafter, "Tire World" or "Defendant") is a tire dealership. Defendant's principal office is located in Baltimore City, Maryland.

5. As described herein, Defendant, SUNG HO SUH (hereinafter "Suh" or "Defendant") is the owner of Defendant, Tires 4 Less and Tire World MDW, Inc.

6. Defendants are subject to the FLSA, MWHL and MWPCL due to the amount in revenues generated; Defendants' annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

7. At all times relevant to this Complaint, Plaintiffs engaged in interstate commerce by the nature of the duties they performed as part of their employment with Defendants.

8. Plaintiffs worked for Defendants, who, at all times throughout Plaintiffs' employment, met the definition of the term "employer" under the FLSA, 29 U.S.C. § 203(d) and MWHL, § 3-401(b).

9. While working as Tire Specialists, Salesmen, Customer Service Representatives, and/or Technicians for Defendants Plaintiffs and other similarly situated employees should have been classified and paid as non-exempt employees under the FLSA.

10. From approximately March 2015 to March 2016, Plaintiff Somers was employed as a Tire Specialist, Customer Service Representative and/or Salesman for Defendants.

11. From approximately March 2015 to December 2015, Plaintiff Beach was employed as a Tire Salesman and/or Technician for Defendants.

12. At all times relevant to this Complaint, Defendants controlled the administration of their business and set employee schedules, including those of Plaintiffs and other similarly situated employees.

13. Defendants were actively engaged in the management and direction of Plaintiffs and other similarly situated employees.

14. Defendants possessed and exercised the authority to schedule and control the hours worked by Plaintiffs and other similarly situated employees.

15. Defendants had the authority to control Plaintiffs' duties and the duties of other similarly situated employees.

16. Defendants had the power and authority to change the course of Plaintiffs' duties and the duties of other similarly situated employees.

17. Plaintiffs and members of the putative class recognized Defendants' authority and complied with Defendants' instructions while employed with Defendants.

18. Defendants made all decisions relating to the rates and methods of pay for the Plaintiffs and other similarly situated employees.

## JURISDICTION AND VENUE

19. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

20. Discretionary supplemental jurisdiction of Plaintiffs' Maryland state law claims is provided by 28 U.S.C. § 1367 (a); the state law claims form part of the same case or controversy and derive from a common nucleus of operative facts, in which Plaintiffs'' federal claims are based. Furthermore, no reasons exist that would force this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate the claims over which this Honorable Court has original jurisdiction, and (iii) no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. 1367 (c).

21. Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland, in and around Anne Arundel County and Baltimore City.

## **FACTUAL ALLEGATIONS FOR ALL CLAIMS**

22. In approximately, March 2015, Defendants hired Plaintiff Somers to work as a Tire Specialist, Customer Service Representative and/or Salesman.

23. Plaintiff Somers' duties included taking out and setting up tires, preparing the store for business, waiting on customers, operating the cash register, selling and installing tires.

24. Plaintiff Somers was also required to actually open the shop in the morning; however, this was for a short period of time, from approximately March 2015 to April 2015.

25. For the duration of his employment with Defendants, Plaintiff Somers' assigned work schedule was from 8:30 a.m. to 6:30 p.m., Monday through Friday and 8:30 a.m. to 4:30 p.m. on Saturdays.  However, due to the demands of the job, Plaintiff Somers would often work as late as 8:00 p.m.

26. Plaintiff Somers satisfied the requirements of his job and adequately performed his duties to benefit Defendants, and Defendants' customers.

27. At the time he was hired, Plaintiff Somers was told he would receive a salary of $500.00 per week.  From approximately March 2015 to March 2016, Plaintiff Somers received weekly wages of $500.00 for all hours worked, including any hours over forty (40).  The weekly payments were made partly by check and partly in cash.

28. Defendants' payment method did not take into account the number of overtime hours worked by Plaintiff Somers and other similarly situated employees during each workweek.

29. In March 2015, Defendants hired Plaintiff Beach to work as a Tire Salesman and/or Technician.

30. Plaintiff Beach's duties included waiting on customers, operating the cash register, selling and installing tires.

31. For the duration of his employment with Defendants, Plaintiff Beach's assigned work schedule was from 8:30 a.m. to 6:30 p.m., Monday through Friday and 8:30 a.m. to 5:00 p.m. on Saturdays. However, due to the demands of the job, Plaintiff Beach would often work as late as 8:00 p.m.

32. Plaintiff Beach satisfied the requirements of his job and adequately performed his duties to benefit Defendants, and Defendants' customers.

33. At the time he was hired, Plaintiff Beach was told he would receive a salary of $500.00 per week. From approximately March 2015 to December 2015, Plaintiff Beach received weekly wages of $500 for all hours worked, including any hours over forty (40). The weekly payments were made partly by check and partly in cash.

34. Defendants' payment method did not take into account the number of overtime hours worked by Plaintiff Beach and other similarly situated employees during each workweek.

35. For the duration of their employment, Plaintiffs had little discretion in performing their assigned tasks as Defendants made all of the major decisions and most of the minor ones.

36. For the duration of his employment, Plaintiff Somers did at times supervise other employees, however, this was a very minor and temporary part of his duties. He would supervise one (1) or two (2) employees for about an hour or so until the Manager of the store arrived at work.

37.     For the duration of his employment, Plaintiff Beach did not supervise any employees.

38.     For the duration of their employment, Plaintiffs performed no analysis, wrote no reports and neither hired nor fired any other employees. Plaintiffs did not perform any work that was related to Defendants' management policies or the administrative operation of Defendants' business.

39.     For the duration of their employment, Plaintiffs did not interpret any information or change or modify any policies of the employer.

40.     For the duration of their employment, Plaintiffs regularly worked from fifty five (55) to as many as eighty (80) hours per week.

41.     There is no bona fide dispute that Plaintiffs and other similarly situated employees are owed overtime wages for hours worked over forty (40) in a workweek. At no time did Plaintiffs' duties include work that would make them exempt from the requirements of the FLSA, MWHL and the MWPCL provisions requiring that they be paid overtime wages, minimum wages and for all hours worked.

42.     Defendants did not maintain accurate or dependable time records. They provided a fingerprint time tracking system during the latter part of Plaintiffs' employment to track and record the hours worked by Plaintiffs and other similarly situated employees. However, the system was unreliable and did not always work.

43.     Defendants pursued all of the policies and practices discussed above in order to evade both Federal and Maryland wage laws. These practices directly resulted in underpayments to Plaintiffs and other similarly situated employees, for all hours worked including but not limited to overtime hours.

44. Defendants and/or their agents were well aware of the overtime hours Plaintiffs and other similarly situated employees were regularly required to work yet made no effort to pay the overtime premium or reduce the hours worked on a weekly basis by Plaintiffs.

45. Defendants and/or their agents were actively engaged in the scheduling, management and direction of Plaintiffs and other similarly situated employees.

46. Defendants' controlled and supervised the work performed by Plaintiffs.

47. Defendants consistently suffered or permitted Plaintiffs and other similarly situated employees to work more than forty (40) hours a week.

48. In bad faith, Defendants withheld overtime wages owed to Plaintiffs and other similarly situated employees. Even after they made inquiries regarding overtime pay, these inquiries were ignored or deflected and Defendants failed to compensate Plaintiffs and other similarly situated employees properly for all hours worked.

49. Consequently, Plaintiffs seek their overtime wages owed and other available relief through this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50. Defendants employed Plaintiffs and other similarly situated employees to work variously as Tire Specialists, Salesmen, Customer Service Representatives and/or Technicians.

51. The FLSA requires employers to compensate covered, non-exempt employees, such as Plaintiffs and similarly situated employees, overtime wages at time and a half for all hours worked over forty (40) within a single workweek.  Additionally, 29 U.S.C. §206 requires all employers to pay wages at a rate no less than the federal minimum wage.

52. Defendants paid Plaintiffs and other similarly situated employees a weekly salary.

53. Defendants knew that Plaintiffs and other similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others to do so.

54. Defendants knew or should have known that Plaintiffs and other similarly situated employees were entitled to overtime pay at time and a half for all hours worked over forty (40) as non-exempt employees and entitled to wages at a rate no less than the federal minimum wage.

55. Pursuant to the FLSA, Plaintiffs commence this collective action on behalf of themselves and other similarly situated employees and against the Defendants for the payment of wages owed reflecting an overtime rate not less than one and a half (1.5) times the regular rate of pay.

56. Plaintiffs consent to be party Plaintiffs in this matter; Plaintiffs' consent forms are attached to this Complaint as Exhibits A and B. It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

57. There are other similarly situated current and former employees of Defendants that have been harmed by Defendants' common scheme to underpay their employees and violate the FLSA.

58. These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

59. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

60. Upon information and belief, others will choose to join Plaintiffs in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

### *Count I.  Violation of the FLSA: Failure to Pay Overtime Wages*

61.     Plaintiffs hereby fully incorporate in this Count all allegations contained within this Complaint.

62.     Plaintiffs are entitled to overtime wages under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they were employed.

63.     As described above, Plaintiffs have not received from Defendants compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week. Defendants failed to compensate Plaintiffs for these additional hours, for which Plaintiffs were paid only a weekly salary for all hours worked.

64.     Defendants willfully and intentionally failed to compensate Plaintiffs for the overtime hours they worked by unjustifiably paying Plaintiffs under the guise of a salary.  There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for Defendants.

65.     Under the FLSA, Plaintiffs are entitled to additional wages from Defendants to compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count II.  Violation of MWHL: Failure to Pay Overtime Wages*

66.     Plaintiffs hereby fully incorporate in this Count all allegations contained within this Complaint.

67.     Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer

shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

68. Plaintiffs have not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

69. Defendants willfully and intentionally did not compensate Plaintiffs appropriately for the overtime hours they worked and the wages they were owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for Defendants.

70. Under MWHL, Plaintiffs are entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### *Count III. Violation of the MWCPL: Failure to Pay Wages Owed*

71. Plaintiffs hereby fully incorporate in this Count all allegations contained within this Complaint.

72. Plaintiffs are entitled to wages under the Maryland Wage Payment Collection Law, Labor and Employment §§3-501 *et. seq.,* which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

73. Plaintiffs have not received compensation from Defendant for all wages owed for work performed before the end of their employment in accordance with §3-505(a). This is specific to Defendants' failure to pay Plaintiffs overtime for all hours worked over forty (40) in a workweek as well as Defendants' failure to pay Plaintiffs any wages owed for some hours worked.

74. Defendant willfully and intentionally withheld from Plaintiffs the wages owed to them and continued to violate the MWPCL, even after Plaintiffs informed Defendants of the violation. Moreover, there is no bona fide dispute that Plaintiffs are owed additional wages for work performed while employed by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated employees, pray for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiffs and those others similarly situated;

b) Judgment against Defendants for their failure to pay Plaintiffs and those others similarly situated in accordance with the standards set forth by the FLSA;

c) Judgment against Defendants for their failure to pay Plaintiffs and those others similarly situated in accordance with the standards set forth by MWHL;

d) Judgment against Defendants for their failure to pay Plaintiffs and those others similarly situated in accordance with the standards set forth by MWCPL;

e) An award against Defendants for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs and other similarly situated employees;

f) An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those others similarly situated;

g) An award of treble damages equal to the total amounts of unpaid wages owed to Plaintiffs and those others similarly situated;

h) An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by Defendants;

i) Leave to add additional Plaintiffs, opt-in or party, through the filing of consent forms; and

j) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and those others similarly situated.

                                            Respectfully submitted,

                                            _____/s/_____
                                            George E. Swegman (#19444)
                                            gswegman@nicholllaw.com
                                            Benjamin L. Davis, Esquire (#29774)
                                            bdavis@nicholllaw.com
                                            The Law Offices of Peter T. Nicholl
                                            36 South Charles Street, Suite 1700
                                            Baltimore, Maryland 21201
                                            Phone No.: (410) 244-7005
                                            Fax No.:     (410) 244-8454

                                            *Attorneys for Plaintiffs*